### OLIVIERI v. HINES, Federal Agent.

(Circuit Court of Appeals, Third Circuit. April 16, 1921.)

No. 2588.

1. **Carriers** ⬤=318(5)—**Evidence held to show negligence in leaving open vestibule opposite to side on which passenger was intending to alight.**

In an action for personal injuries to a passenger, who fell through the open vestibule of a moving train, evidence *held* to show that the door through which he fell was on the side of the train opposite to the side on which he was to alight, so that the carrier could have been found negligent in leaving that door open, though it would not have been negligence to have opened the door on the other side in preparation for the stop at the station where plaintiff was to alight, and which had already been announced.

2. **Carriers** ⬤=318(5)—**Proof that passenger fell from moving train and thereafter had injuries is evidence they resulted from fall.**

Proof that a passenger fell from a train moving at a speed of 40 to 50 miles per hour, and that when he recovered consciousness he was in the hospital suffering from serious injuries, is sufficient to warrant finding his injuries resulted from the fall, without direct testimony to that effect.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by Michael Olivieri against Walker D. Hines, Federal Agent. Judgment of nonsuit, and plaintiff brings error. Reversed, and new trial awarded.

Smith, Paff & Laub, of Easton, Pa. (Hobart S. Bird, of New York City, of counsel), for plaintiff in error.

Wm. Clarke Mason, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WOOLLEY, Circuit Judge. This writ brings here for review a judgment of nonsuit entered in an action for personal injuries.

On the night of the accident, the plaintiff was a passenger upon a vestibuled train of the defendant, moving on the south-bound track toward Birdsboro, his destination. When about a mile or a mile and a half away, a trainman passed from car to car announcing the station. The station at Birdsboro was on the west, or right hand, side of the train with reference to the direction in which it was moving. There was no platform on the east, or left hand side, beyond the other track. On hearing his station called, the plaintiff arose from his seat and followed the trainman to inquire of him the place at which he should get off, as the station platform was short. The plaintiff passed from the car into an unlighted vestibule and was thrown through an open door, sustaining injuries of which he complains in this action.

At the trial, the plaintiff charged negligence to the defendant upon two grounds; one, in opening the vestibule door before making the stop at the station; the other, in opening the door prematurely, seeking to invoke the law of negligence applicable to leaving open a vestibule door between stations. 2 Shearman & Redfield on Neg. (6th Ed.) § 524; 4 Elliott on Railroads (2d Ed.) § 1589a; Bronson v. Oakes, 76 Fed. 734, 22 C. C. A. 520.

The learned trial judge disposed of the case on the theory that the announcement of the station, which was the passenger's destination, was an invitation to him to get ready to alight, and was also notice to him that everything was in readiness for him to alight, including an open vestibule door on the side of the train from which it was intended he should descend. As the evidence was not sufficient to prove a premature opening of the door and as there was no evidence that the door had been carelessly left open during the run between stations, the learned trial judge (charging the plaintiff with notice of the danger of a door opened for his exit, given him by the call of his station) entered judgment of nonsuit on a finding of no evidence of negligence on the part of the defendant.

[1] The trouble in this case is not with the law which the trial judge applied to the facts, for with the law we find ourselves in accord. It is with the facts to which he applied the law. It is quite evident from reading the opinion of the trial judge, rendered on the motion to take off the nonsuit, that his impressions of the facts of the case were the same as ours at the argument on review, namely; that the vestibule door through which the plaintiff fell was on the "right hand side," or the station side, of the train, opened to permit passengers to alight. But after a careful reading of the record, and upon reargument had on our motion, it appears that the plaintiff fell out of an open vestibule door, not on the station side, or the "right hand side" of the train with reference to the direction of its movement, but on the left hand side away from the station platform.

The mistake of fact into which we think the trial court fell, and into which this court at the first argument certainly fell, was due to confusion arising from the expression "right hand side," used by the

plaintiff when testifying, and the failure of the court below, and later, of this court, to note that the plaintiff was seated in the forward passenger car, in a position where his right hand was also the right hand side of the train, that, on the call of the station, he arose, *turned around* and walked into the vestibule in the *rear* and that thereafter he described by his own right hand what was actually the left hand side of the train. This reversal of the plaintiff's position changed the described location of the open door and accordingly changed the law of the case, for unless there was evidence that the vestibule door, leading not to the station side, but down to the north-bound track on the other side, had been opened to permit passengers to alight, or unless there was evidence of custom to that effect, of which the plaintiff had knowledge, it cannot be said that in the announcement of the passenger's destination there was notice to him that the vestibule door on that side had been opened. There are two statements in the plaintiff's testimony possibly susceptible of the construction that this door had been opened for the station stop. They are these:

"I went to look for the conductor, so as to ask him what side I should get off, as the platforms at Birdsboro are short."

"I came to find the conductor, because I did not know the place I had to get off there. You see you have got a very short platform there, and sometimes you get off in the middle of the track and a train is coming on the other side. One night I was right in the middle of the track and a freight was coming on the other side and it pretty nearly hit me."

Obscure and ambiguous as these statements are, they are susceptible of still another interpretation, namely: That, because of the reference in each to the short platform on what we may call the right hand side of the train, the plaintiff was seeking the conductor to inquire the place he should get off on that side with reference to the platform. Therefore, we think, in the absence of explanation by the defendant, the case is left with enough evidence to charge the defendant with negligence in having open a vestibule door on what appears to have been the wrong side of the train, and that, in consequence, error in this regard was committed in entering nonsuit.

[2] But the defendant maintains that, even so, the judgment of nonsuit should be sustained on the ground that the evidence for the plaintiff is barren of proof to show what happened to him between the time he fell from the train and the following morning when he regained consciousness in a hospital, contending that the same burden is on the plaintiff to prove that the injuries resulted from the accident as to prove that the accident resulted from negligence. Patton v. Railroad Co., 179 U. S. 663, 21 Sup. Ct. 275, 45 L. Ed. 361. A fall from a train moving from forty to fifty miles an hour, followed by serious injuries to a man previously sound, is some evidence on which a jury might find that the injuries resulted from the fall.

The judgment below is reversed and a new trial awarded.